# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN CAMILLE ROCCAFORTE, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3494 |
| ED GONZALEZ, | § § § | |
| Respondent. | § § | |

### ORDER OF DISMISSAL

Petitioner, a pretrial detainee in custody of the Harris County Jail, filed this *pro se* habeas petition against Harris County Sheriff Ed Gonzalez.

Having reviewed the pleadings, the record, public court records, and the applicable law, the Court DISMISSES this lawsuit for want of jurisdiction.

### *Background and Claims*

Petitioner, a pretrial detainee in custody of the Harris County Jail, claims that his criminal case, Cause No. 1562685, has been pending in the Harris County trial court for two years without a trial.[1] He claims that his pending criminal charges violate his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments, and that the State's refusal to try the case denies him his Fifth Amendment and speedy trial rights. He requests dismissal of the charges and his immediate release from pretrial detention.

---

[1] Public records for the Harris County District Clerk's Office show that Cause No. 1562685 was filed in the 182nd Criminal District Court of Harris County, Texas, on August 22, 2017. Petitioner's assertion of a two-year delay is unsupported.

*Analysis*

Because petitioner is a state pretrial detainee, his habeas petition is construed as one brought pursuant to 28 U.S.C. § 2241. To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Public court records for the Texas Court of Criminal Appeals show that petitioner has not presented his instant habeas claims to that court, and his state court remedies are unexhausted. Petitioner has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights. Accordingly, his claims are unexhausted and may not go forward here.

Moreover, petitioner's claims and requested relief are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

To the extent petitioner claims that the prosecution is intentionally delaying trial, a review of the docket in his criminal case reveals five case reset forms signed and filed by defense counsel. No motions for speedy trial appear of record, save one filed by petitioner *pro se* on July 18, 2018, three months ago.

Petitioner shows no special or exceptional circumstances warranting this Court's interference, and his section 2241 petition will be dismissed for want of jurisdiction premised on failure to exhaust and the *Younger* abstention doctrine.

### *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION. Any and all pending motions are DENIED AS MOOT. To the extent necessary, a certificate of appealability is DENIED.

Signed at Houston, Texas on October 26, 2018.

_____
Gray H. Miller
United States District Judge